IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:05CV243-MU-02

| | |
|---|---|
| BOBBY RAY ALONZO JONES,  )  <br>       Plaintiff,         )  <br>                              )  <br>       v.                    )  <br>                              )  <br> STEVE CAVE, Deputy            )  <br>   Sheriff at the Wilkes      )  <br>   County Jail;               )  <br> DANE MASTON, Deputy           )  <br>   Sheriff at the Wilkes      )  <br>   County Jail; and           )  <br> (FNU) KIRBY, Physician        )  <br>   at the Wilkes County       )  <br>   Jail,                      )  <br>       Defendants.            )  <br> _____) | <u>O R D E R</u> |

**THIS MATTER** comes before the Court on the plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed August 23, 2005.

By his Complaint, the plaintiff alleges that on December 3, 2002, he was assaulted by two fellow inmates with whom he was sharing a cell at the Wilkes County Jail.  Following the assault, the plaintiff alleges that he reported the matter to defendant Cave, and asked to be taken to the local hospital for medical attention.  However, the plaintiff reports that defendant Cave diagnosed him with two broken ribs, and told him he would have to be seen by the Jail physician before he could be taken to the hospital.

Two days later, the plaintiff reportedly was seen by

defendant Dr. Kirby, who also diagnosed him with two broken ribs. Notwithstanding the fact that the plaintiff reportedly told the doctor that he believed he also had internal injuries, defendant Kirby refused to direct the deputies to transport the plaintiff to the hospital. Instead defendant Kirby allegedly advised the plaintiff that he would treat the plaintiff with pain medication.

Over the course of the next seven days, the plaintiff allegedly continued to complain of pain and to seek medical attention. However, defendant Kirby reportedly refused to see the plaintiff, and simply directed that he continue to take Advil for his pain.

Ultimately, on December 11, 2002, the plaintiff was transported to the local hospital. The plaintiff reports that he was then diagnosed with ruptures in his spleen and appendix, he reportedly had large amounts of blood around his stomach, and fluid had filled his left lung. Due to the loss of blood, the plaintiff reportedly needed a blood transfusion. The plaintiff also had to undergo certain "operating procedures" to correct his conditions, and he remained hospitalized at the local hospital and then at the hospital at Central Prison in Raleigh for a total of about five weeks.

As a result of the foregoing allegations, the plaintiff contends that the three named defendants are liable to him for claims of deliberate indifference, and for a violation of his

right to Equal Protection.  By way of relief, the plaintiff is seeking millions of dollars in compensatory and punitive damages.

Upon careful review of this matter, the Court finds the plaintiff has failed to state a claim for relief as to defendant Maston.  Indeed, despite having submitted this 12-page Complaint, the plaintiff has not once even mentioned defendant Maston, or otherwise set forth any allegations against that defendant.  Accordingly, this Complaint will be dismissed as to defendant Maston.

Furthermore, the plaintiff has not set forth any allegations to support his claim of an Equal Protection violation concerning Deputy Cave or Dr. Kirby, that is, the two remaining defendants.  Therefore, that allegation will be dismissed as to defendants Cave and Kirby.

On the other hand, the plaintiff has alleged facts which are sufficient to support his claim of deliberate indifference against defendants Cave and Kirby.  Consequently, those two defendants will be directed to file an answer or other appropriate response in accordance with the provisions of the Federal Rules of Civil Procedure.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The plaintiff's Complaint is entirely **DISMISSED** as to defendant Maston.

2.  The plaintiff's claim of an Equal Protection violation

is **DISMISSED** as to defendants Cave and Kirby.

    3.   The Clerk shall prepare process for defendants Cave and Kirby, and shall deliver same to the U.S. Marshal.

    4.   The U.S. Marshal shall serve defendants Cave and Kirby with process in this matter.

    5.   Defendants Cave and Kirby shall respond to the plaintiff's claim of deliberate indifference as that matter is set forth in the instant Complaint.  Such answer or response shall in all respects comply with the Federal Rules of Civil Procedure.

    **SO ORDERED.**

**Signed: August 30, 2005**

*[signature: Graham C. Mullen]*

Graham C. Mullen
Chief United States District Judge