```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                  STATESVILLE DIVISION
                    5:05CV243-MU-02
```

```
BOBBY RAY ALONZO JONES,    )
     Plaintiff,            )
                           )
        v.                 )
                           )
STEVE CABE, Deputy         )         O R D E R
  Sheriff at the Wilkes    )
  County Jail; and         )
(FNU) KILBY, Physician     )
  at the Wilkes County     )
  Jail,                    )
     Defendants.           )
_____)
```

**THIS MATTER** comes before the Court sua sponte.

According to the record of this matter, on August 23, 2005, the plaintiff filed a civil rights Complaint (and amendment) under 42 U.S.C. §1983, essentially alleging that over a period of time in December 2002, defendant Dr. Kilby, the Jail physician, and defendant Officer Steve Cabe were deliberately indifferent to his serious medical needs. That is, according to the Complaint, the plaintiff was violently assaulted by two fellow cell mates. After that incident, the plaintiff first reported the assault to another officer and requested that he be moved to another cell. Thus, the plaintiff was moved to another cell.

Next, the plaintiff allegedly reported the assault to defendant Deputy Sheriff Cabe, at which time he complained of his injuries and asked to be transported to a hospital for treatment.

Defendant Cabe reportedly spoke with the plaintiff and opined that he had suffered two broken ribs. However, defendant Cabe allegedly refused to take the plaintiff to a hospital without first having him examined by the Jail physician thru the "sick call" procedure.

For his part, defendant Dr. Kilby allegedly examined the plaintiff three days after the incident and concurred with defendant Cabe's assessment of broken ribs. Nevertheless, in spite of that alleged assessment and the plaintiff's complaints of internal injuries, defendant Kilby still refused to direct the officer to take the plaintiff to the hospital. Instead defendant Kilby chose to treat the plaintiff with Advil tablets. There-after, the plaintiff alleges that he continued to suffer severe pain, and that his eating and sleeping habits deteriorated.

Eventually, the plaintiff's personal physician was allowed to examine him at the Jail. Following that examination, the plaintiff's physician determined that his condition was poor, and that the plaintiff needed immediate emergency attention.

Ultimately, the plaintiff claims that the defendants' inaction resulted in his having to receive emergency medical treatment for ruptures in his spleen and appendix, a loss of a large amount of blood, and a build-up of fluid in his left lung. In addition to those problems, the plaintiff reports that he also was treated for abdominal and facial trauma, neck pain and four

cracked molars. The plaintiff also alleges that he was required to be hospitalized at two different facilities for a total of about five weeks. By way of relief, the plaintiff is requesting millions of dollars in compensatory and punitive damages.

After initially reviewing the plaintiff's Complaint, the Court directed that the defendants to file a response to the foregoing allegations. To that end, on October 21, 2005, defendant Kilby filed an Answer to the plaintiff's Complaint. By that pleading, defendant Kilby denies that the plaintiff is entitled to any recovery from him.

More particularly, defendant Kilby contends that he is entitled to a dismissal for an insufficiency of process and an insufficiency of service of process. Dr. Kilby also asserts, notwithstanding this Court's finding on initial review, that the plaintiff has failed to state a colorable claim for relief. Defendant Kilby further asserts that the plaintiff was contributorily negligent for his injuries because he subsequently got into an altercation with fellow inmates during the period between when he was examined by the doctor and when he ultimately was treated at the local hospital; and that such intervening altercation is the cause in fact of the plaintiff's extensive injuries.

In a different vein, defendant Kilby contends that the plaintiff has failed to exhaust his administrative remedies on

the instant allegations. Last, defendant Kilby contends that his medical treatment comported with all accepted standards of practice; and that he is entitled to sovereign and qualified immunity from this action.

Next, on November 7, 2005, defendant Cabe filed an "Answer And Motion To Dismiss" in this matter. By that document, defendant Cabe denies the material allegations of the plaintiff's Complaint. In particular, this defendant denies that he diagnosed the plaintiff with broken ribs; that he refused to secure proper medical treatment for the plaintiff; and that he ignored the plaintiff's complaints or otherwise mistreated him.

Consequently, defendant Cabe asserts, like defendant Kilby, that the plaintiff has failed to state a claim for relief. This defendant further asserts, <u>inter alia</u>, that he is entitled to immunity under the Eleventh Amendment; that he is entitled to qualified immunity; that the plaintiff has failed to exhaust his remedies on this claim; that he acted in good faith during all relevant times; that the Prisoner Litigation Reform Act somehow bars the plaintiff's claims; that the plaintiff's recovery is barred due to his own acts of contributory negligence; and that he is entitled to public officer's immunity. However, inasmuch as defendant Cabe's combined Answer and Motion to Dismiss was not supported by a brief or memorandum of law, such document will be construed only as an Answer.

In any event, on November 15, 2005, the plaintiff filed documents captioned as "Plaintiff['s] Response To Defendant['s] Answer" and "Plaintiff['s] Opposition To Defendant Steve Cabe's Answer And Motion To Dismiss." In the former document, the plaintiff essentially contends that any deficiencies with his pleadings, including process and service of process, should be overlooked because he is a pro-se litigant. In that document, the plaintiff also denies that there is any report of his having been involved in a second altercation, or that defendant Kilby is immune from damages in this action. The plaintiff further asserts that he has exhausted his remedies through the grievance system at the Jail.

In the second document, the plaintiff reiterates his assertion concerning the lenience afforded the pleadings of pro-se litigants. The plaintiff also denies that defendant Cabe is entitled to any immunities; he denies that defendant Cabe's delay in securing medical help was done in good faith; he denies that he contributed to his own injuries; and he asserts that he has fully exhausted his remedies.

Now, upon further review of the record, the Court has determined that no additional documents have been filed by the parties. Indeed, there are no outstanding dispositive motions in this case. Consequently, by this Order, the Court shall establish a schedule for the filing of any dispositive motions

5

which the parties may care to file.

Finally, inasmuch as the plaintiff is appearing pro-se in this matter, the Court specifically advises him that under the provisions of Rule 56(a) of the Federal Rules of Civil Procedure, he may "move with or without supporting affidavits for a summary judgment" in his favor upon all or any portion of the pending claims or defenses.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The plaintiff and defendants have up to and including forty-five (45) days from the date of this Order in which to file any dispositive motions which they may choose to file.

2. In the event that either party chooses not to file a dispositive motion, such party shall advise the Court of that decision within fourteen (14) days of the date of this Order.

3. The Clerk shall send a copy of this Order to the parties, and further shall provide the plaintiff with a copy of Rule 56 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

**Signed: December 2, 2005**

*Graham C. Mullen*
Graham C. Mullen
Chief United States District Judge