```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   STATESVILLE DIVISION
                    5:05CV243-MU-02
```

```
BOBBY RAY ALONZO JONES,    )
     Plaintiff,            )
                           )
        v.                 )
                           )
STEVE CABE, Deputy         )         O R D E R
  Sheriff at the Wilkes    )
  County Jail; and         )
(FNU) KILBY, Physician     )
  at the Wilkes County     )
  Jail,                    )
     Defendants.           )
_____)
```

**THIS MATTER** comes before the Court on the plaintiff's "Motion To Amend Or Modify Defendant's Name" (document # 5), filed September 9, 2005; on his letter-motion for extension of time (document # 10), filed September 21, 2005); on his "Motion For Appointment Of Counsel" (document # 39), filed January 6, 2006; on his "Motion For Extension Of Time" (document # 42), filed January 10, 2006; on his "Motion For Plaintiff's Writ To D.O.C. of N.C." (document # 47) and "Plaintiff's Motion For Witnesses Subpoenas" (document # 50), both filed January 18, 2006; on another "Motion For Extension Of Time" (document # 53), filed February 14, 2006; on yet another "Motion For Extension Of Time For Discovery And Motion For Extension Of Time To Answer Both Defendants [sic] Motion To Dismiss And For Summary Judgment

Before A Judge Rules On Both Defendants [sic] Motions" (document # 54), filed February 6, 2006; and on "Plaintiff's Motion For Appointment Of Counsel" (document # 76), filed May 31, 2006.

According to the record of this matter, on August 23, 2005, the plaintiff filed a civil rights Complaint (and amendment) under 42 U.S.C. §1983, essentially alleging that over a period of time in December 2002, defendant Dr. Kilby, the Jail physician, and defendant Officer Steve Cabe were deliberately indifferent to his serious medical needs. By way of relief, the plaintiff seeks millions in damages from the defendants.

After initially reviewing the plaintiff's Complaint, the Court directed that the defendants to file a response to the foregoing allegations. To that end, on October 21, 2005, defendant Kilby filed an Answer to the plaintiff's Complaint. By that pleading, defendant Kilby denies that the plaintiff is entitled to any recovery from him. Dr. Kilby also contends that the plaintiff has failed to exhaust his administrative remedies on the instant allegations.

Next, on November 7, 2005, defendant Cabe filed an "Answer And Motion To Dismiss" in this matter. By that document, defendant Cabe denies the material allegations of the plaintiff's Complaint. This defendant further asserts, inter alia, that he is entitled to immunity under the Eleventh Amendment; that he is entitled to qualified immunity; and that the plaintiff has failed

2

to exhaust his remedies on this claim.

Turning now to the plaintiff's list of Motions, he first seeks permission to amend his Complaint (document # 5) to correctly identify the first defendant as "Dr. Kilby," not "Dr. Kirby." Because that request is entirely reasonable, the same will be granted.

By his letter-motion (document # 10), the plaintiff is seeking a 10-day extension of time to file his "Petition" in this Court because he "accidentally mailed a Petition to the Clerk of Superior Court of Iredell County . . . ." The Court has no knowledge of the Petition to which the plaintiff is referring. Inasmuch as the plaintiff has not attached the subject Petition, the Court finds that the subject motion will be denied.

As for the plaintiff's two Motions for Appointment of Counsel (documents ## 39 and 76), the Court finds that the same also must be denied. Indeed, as this Court often explains to pro-se plaintiffs in civil rights proceedings such as these, the law is clear that there is no legal entitlement to the assistance of counsel in these cases. Rather, counsel can be appointed only when such cases involve "exceptional circumstances." See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). That is, this Court may seek the requested assistance from the bar only when it is apparent that the pro se litigant has a colorable claim and, due to its complexity, the litigant lacks the capacity to present

3

that matter on his own.  <u>Id</u>. <u>see also</u> <u>Gordon v. Leek</u>, 575 F.2d 1147 (4th Cir. 1978), <u>rev'd on other grounds</u>, <u>Mallard v. United States District Court</u>, 490 U.S. 296 (1989).

Here, the plaintiff has not demonstrated that he is unable to present his own claims.  On the contrary, the plaintiff has done well enough to survive the Court's initial review for frivolity, he has adequately articulated the factual and legal background of his suit and, by the instant Motion, it appears that he continues to have the capacity to represent himself.  Hence, the plaintiff's request for the appointment of counsel will be <u>denied</u>.

Concerning the plaintiff's Motion For Extension Of Time (document # 42), it appears that such document is aimed at securing an extension of the 45-day deadline which this Court gave time in which to file a dispositive motion in his case as set forth in the Court's Order of December 2, 2005.  For good cause shown, the plaintiff's Motion will be <u>granted</u> as hereafter explained.  Furthermore, in light of this, the plaintiff's other two Motions for Extension of Time (documents ## 53 and 54) will be <u>dismissed</u> as moot.

Next, the plaintiff has filed a Motion to Compel Discovery from Defendant Steve Cabe (document # 46), complaining that both he and personnel from North Carolina Prisoner Legal Services have been unable to secure from that defendant copies of certain

incident reports, the grievances which he filed between December 4 and December 11, 2002, and the Wilkes County Hospital statements pertaining to his treatment. In response to that Motion, defendant Cabe reports that he is not in possession of the documents to which the plaintiff refers; and that, to the best of his knowledge, such documents do not exist.

After having reviewed the plaintiff's request, the Court finds that the same is reasonable. That is, the plaintiff is alleging inadequate medical care/deliberate indifference to his serious medical needs; and the defendants are claiming a number of defenses, including failure to exhaust and qualified immunity. Consequently, the Court finds that the requested documents are relevant and should be produced if they exist. To that end, the Court will direct defendant Cabe to respond as hereafter ordered.

The Court next turns to the Motion for Plaintiff's Writ To D.O.C. of N.C. (document # 47). By that document, the plaintiff is seeking to be transferred to an unspecified facility, so that he can attend the trial of this matter. However, because this Court has not yet determined that such a trial is necessary, and because the defendants have filed Motion for Summary Judgment and to Dismiss which Motions may resolve this case, the plaintiff's Motion for Writ will be <u>denied</u> as it is premature.

Last, the plaintiff has filed a Motion for Witnesses' Subpoenas (document # 50), asking the Court to issue trial

subpoenas for his proposed witnesses.  Again, however, it is not altogether clear on this record that this case actually will have to proceed to trial.  Consequently, this Motion also will be denied.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The plaintiff's Motion To Amend or Modify Defendant's Name (document # 5) is **GRANTED**.  The Court's records shall be amended to reflect the physician-defendant's name as "Dr. Kilby."

2.  The plaintiff's letter-motion for extension of time (document # 10) is **DENIED.**

3.  The plaintiff's Motions for Appointment of Counsel (documents ## 39 and 76) are **DENIED.**

4.  The plaintiff's Motion For Extension of Time (document # 42) is **GRANTED.**  The plaintiff shall have up to and including December 31, 2007 in which to file his response(s) to the defendants' Motions for Summary Judgment and to Dismiss.

5.  The plaintiff's other Motions for Extension of Time (documents ## 53 and 54) are **DISMISSED as moot.**

6.  The plaintiff's Motion to Compel Discovery is **GRANTED.** No later than 20 days from the date of this Order, counsel for defendant Cabe shall confer with his client and cause a thorough records search to be conducted in an effort to locate the incident reports concerning the assault of plaintiff on December 3, 2002, the grievances (along with the responses) which the

plaintiff filed between December 3 and December 11, 2002 concerning his medical treatment; and the billing statements which the Jail received from the Wilkes County Hospital concerning its treatment of the plaintiff's assault-related injuries. After finding the subject documents, defendant Cabe must serve them on the plaintiff no later than November 15, 2007.

7. In the event that any of the foregoing documents are not located, counsel for defendant Cabe should file a document reporting whether any person employed by the Wilkes County Jail ever had the documents in question and, if so, what has happened to the documents. This document must be filed with the Court no later than November 15, 2007.

8. The plaintiff's Motion for Writ (document # 47) is **DENIED**; and

9. The plaintiff's Motion for Subpoenas (document # 50) is **DENIED**;

**SO ORDERED.**

Signed: October 10, 2007

Graham C. Mullen
United States District Judge