```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
           STATESVILLE DIVISION
              5:05CV243-MU-02
```

```
BOBBY RAY ALONZO JONES,    )
     Plaintiff,            )
                           )
        v.                 )
                           )
STEVE CABE, Deputy         )          O R D E R
  Sheriff at the Wilkes    )
  County Jail; and         )
(FNU) KILBY, Physician     )
  at the Wilkes County     )
  Jail,                    )
     Defendants.           )
_____)
```

**THIS MATTER** comes before the Court on the plaintiff's Complaint under 42 U.S.C. § 1983, filed August 23, 2005 (document #1); on defendant Kilby's Motion for Summary Judgment (document # 25); on defendant Kilby's Motion to Dismiss for Insufficiency of Service (document # 28); on defendant Kilby's Motion to Dismiss for Failure to Exhaust Administrative Remedies (document # 31); on defendant Cabe's Motion for Summary Judgment (document # 34); on defendant Cabe's Motion to Dismiss for Failure to Exhaust (document #36), all filed January 17, 2006; on the plaintiff's informal motion for summary judgment, filed May 15, 2006 (document # 56); and on the plaintiff's Motion for a Pre-trial Conference, filed June 16, 2006 (document # 79).

According to the record of this matter, on August 23, 2005,

the plaintiff filed this Complaint (and an amendment) essentially alleging that over an eight day period in December 2002, defendant Dr. Kilby, the Jail physician, and defendant Officer Steve Cabe were deliberately indifferent to his serious medical needs. In particular, the plaintiff alleges that on December 3, 2002, he was assaulted by two inmates in his unit; that following the assault, defendant Cabe examined him and opined that his ribs were broken, but denied the plaintiff's request to be taken to a local hospital for examination and treatment; that Cabe instead directed the plaintiff to make a "sick-call" request for an appointment with defendant Dr. Kilby and placed the plaintiff in a different cell; that two days later the plaintiff returned to defendant Cabe and advised that he had blood in his urine; that after urinating in a cup, the plaintiff was told by defendant Cabe and another officer that his urine did not contain any blood; that Cabe then reminded the plaintiff that he could not be transported to a hospital unless Dr. Kilby directed the measure; that a few days later, defendant Kilby examined the plaintiff, detected broken ribs, opined that nothing could be done and prescribed Advil for his pain; and that despite the fact that the plaintiff told Kilby that he had internal injuries and needed to be treated at the hospital, Kilby told him that he would be fine and declined to send him to the hospital. On the eighth day after the assault, when his condition failed to improve, the

2

plaintiff allegedly was taken to a local hospital at which time he was examined and underwent a 9-day course of treatment for a ruptured spleen and appendix. By way of relief, the plaintiff seeks millions in damages from the defendants.

After initially reviewing the plaintiff's Complaint, the Court directed the defendants to respond to the allegations. To that end, on October 21, 2005, defendant Kilby filed an Answer to the plaintiff's Complaint. By that pleading, defendant Kilby admitted that he had evaluated and treated the plaintiff for his complaints two days after the assault, but denied that he was deliberately indifferent to the plaintiff's complaints. Rather, defendant Dr. Kilby asserted that the plaintiff was involved in a second altercation on the day after he examined him, and the injuries which he sustained in that subsequent attack presumably are the ones that caused the plaintiff's hospitalization. Defendant Dr. Kilby also contended that the plaintiff has failed to exhaust his administrative remedies on his allegations against the doctor.

Next, on November 7, 2005, defendant Cabe filed an "Answer And Motion To Dismiss" in this matter. By that document, defendant Cabe denied the material allegations of the plaintiff's Complaint, including the allegation that he never diagnosed the plaintiff with broken ribs. This defendant further asserted, inter alia, that the plaintiff has done no more than state a

claim of mere negligence; that he is entitled to immunity under the Eleventh Amendment; that he acted in good faith without malice, therefore, the plaintiff is not entitled to any relief; that he is entitled to qualified immunity; and that the plaintiff has failed to exhaust his remedies on his claim against Cabe.

On December 2, 2005, the Court entered an Order giving the parties 45 days in which to file their dispositive motions. On January 10, 2006, the plaintiff filed a Motion for Extension of Time (document # 42) seeking an additional 45 days to file his motions.

On January 17, 2006, defendants Cabe and Kilby filed their Motions for Summary Judgment along with their various motions to dismiss. In support of their Motions, defendant Kilby filed an Affidavit asserting that he received a sick call form for the plaintiff on December 5, 2002; that he examined the plaintiff on that date and observed minor contusions on a shoulder and on both sides of the plaintiff's neck. (Kilby Aff. ¶ 4). However, defendant Kilby reportedly also observed that the plaintiff's breathing was normal, he was able to walk, his abdominal examination was normal, he did not complain of pain, and he was not dissatisfied with defendant Kilby's care. (Id.). Defendant Kilby expressly denied that the plaintiff presented to him with broken ribs, said that he had internal injuries and/or had any other problems which warranted hospital treatment. (Id.). The

doctor opined that the plaintiff was not suffering from a splenic rupture at the time of his one and only examination. (Id.). Last, defendant Kilby denied that he ever refused to see or treat the plaintiff on that or any later occasion. ((Id, ¶ 5).

Accordingly, in his supporting memorandum defendant Kilby argued that the plaintiff could not establish that he was deliberately indifferent to his medical needs or otherwise violated the plaintiff's constitutional rights, essentially because, in the absence of any objective evidence that the plaintiff seriously was injured, defendant Kilby's conduct, at worst, was "an inadvertent failure to provide adequate medical care . . . " as articulated in Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Indeed, defendant Kilby further argued Estelle's observation that "the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." Id. at 107. Thus, defendant Kilby asked that the plaintiff's Complaint, which amounts to nothing more than a disagreement with his medical judgment, be summarily dismissed.

Also on January 17, 2006, defendant Cabe submitted a supporting memorandum with his Motion for Summary Judgment. Such memorandum argues that he is not liable to the plaintiff because the plaintiff cannot establish that Cabe actually recognized the

5

substantial risk of harm and took inappropriate actions in response to that risk. To put it another way, Cabe argues that even if the plaintiff objectively suffered from a medical need that was sufficiently serious to require medical attention, he has failed to establish that Cabe subjectively was aware of that need and recklessly disregarded it.

On February 6, 2006, the plaintiff filed a Motion for an Extension of time to respond to the defendants' motions (document # 54). On February 14, 2006, the plaintiff filed a second Motion for Extension of time to file his own dispositive motions (document # 53).

However, on March 15, 2006, the plaintiff filed his own motion for summary judgment by which he "move[d] this Court to grant Summary Judgment in Plaintiff's, Bobby Ray A. Jones' favor on the ground that both defendants were deliberate[ly] indifferent to the plaintiff's medical needs . . . " (document # 56). In his Affidavit (document # 57), the plaintiff asserts that on the date of the assault, he told defendant Cabe that he needed to be treated at the hospital based upon his knowledge of his own body and his belief that something was wrong. (Pl. Aff. ¶ 7). The plaintiff also does not deny that defendant Cabe evaluated him on that occasion, but complains that Cabe is not a doctor; therefore, he was not qualified to conduct the evaluation. (Id. ¶¶ 9-11). More critically, the plaintiff makes no mention of the

defendants' alleged diagnoses of broken ribs as was earlier alleged in his Complaint. Indeed, the plaintiff's Affidavit claims, in contrast with his Complaint, that Dr. Kilby told him that he "just had contusions [on his] back and flanks. . . ." (Id. ¶ 31).

In his supporting memorandum, the plaintiff complains that the defendants "ignored [his] contusion and . . . plaintiff's plea of pain and deprived [his] of his liberty for who could not care for himself." The plaintiff's memorandum further claims that defendant Dr. Kilby violated his constitutional rights by ignoring his requests for hospital treatment, examining him and delaying his trip to the local hospital for x-rays for several days. The plaintiff also claims that defendant Cabe denied his right to be examined and treated by EMS workers when Cabe ignored the plaintiff's request for immediate hospital care and instead determined that the plaintiff's injuries were not life threatening, gave him Ibuprophen and directed him to be examined by Dr. Kilby. Consequently, although the plaintiff does not contend that he met any of the readily observable criteria set forth for emergency medical treatment, he seems to suggest that since his subsequent hospital treatment revealed serious injuries and he made repeated complaints, those facts were sufficient to put defendants on notice that he required hospital care.

For its own part, however, the Court observed that the

7

plaintiff's Complaint and motion for summary judgment, at most, articulate claims of negligence and malpractice against the defendants. Thus, inasmuch as those claims are not cognizable under § 1983, on October 11, 2007, the Court entered an Order granting the plaintiff's requests for an extension of time in which to respond to the defendants' motions. (document # 82). Such Order gave the plaintiff up to and including December 31, 2007, in which to file his responses to the defendant's Motions for Summary Judgment and to Dismiss. Notwithstanding the passage of the past 12 months, the plaintiff has failed to respond to the Court's October 1l Order.

Nevertheless, as defendants properly have argued, it is well settled that mere disagreements between an inmate and his physician concerning which course of treatment to follow does not, without more, state a constitutional claim for relief. Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). Rather, at a minimum, in order to state a claim for deliberate indifference to serious medical needs--as the plaintiff has attempted to do here --he must set forth allegations which reflect both that he was suffering from a ailments which the defendants were or should have been aware; and that the defendants disregarded such objectively serious ailments. Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). That is, "because society does not expect that prisoners will have unqualified access to health care, deliberate

8

indifference to medical needs amounts to a [constitutional] violation only if those needs are serious." Johnson v. Quinones, 145 F.3d 164, 166 (4th Cir. 1998), quoting Hudson v. Macmillan, 503 U.S. 1, 9 (1992).

Additionally, to the extent that the plaintiff is attempting to assert a claim on the basis of malpractice or negligence, such attempt also must fail. That is, it is equally well settled that mere malpractice or negligence in connection with a diagnosis or treatment simply does not state a constitutional claim for relief in the §1983 context. See Estelle, 429 U.S. at 105-06.

Ultimately, inasmuch as the plaintiff has failed to overcome the defendants evidentiary forecast, which forecast tends to show that the plaintiff's allegations do not rise beyond the level of alleging malpractice and/or negligence, this civil rights action must be dismissed.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendant Kilby's Motion for Summary Judgment (document # 25) is **GRANTED;**

2. Defendant Kilby's Motion to Dismiss (document # 28) is **DISMISSED as moot;**

3. Defendant Kilby's Motion to Dismiss for Failure to Exhaust Administrative Remedies (document # 31) is **DENIED;**

4. Defendant Cabe's Motion for Summary Judgment (document # 34) is **GRANTED;**

5. Defendant Cabe's Motion to Dismiss for Failure to Exhaust Administrative Remedies (document # 36) is **DENIED;**

6. The plaintiff's informal motion for summary judgment (document # 56) is **DENIED;**

7. The plaintiff's Motion for a Pre-trial Conference (document # 79) is **DISMISSED as moot;** and

8. The plaintiff's Complaint is **DISMISSED.**

**SO ORDERED.**

Signed: November 21, 2008

Graham C. Mullen
United States District Judge